UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Yevhenii MALETS,

Petitioner,

-against-

LaDeon FRANCIS et al.,

Respondents.

25-CV-10058 (AS)

<u>ORDER</u>

ARUN SUBRAMANIAN, United States District Judge:

On December 3, 2025, Petitioner Yevhenii Malets filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, assisted by next friend Roman Kravchina, while Petitioner was present in the Southern District of New York. *See* Dkt. 1 ¶ 7. The Court issues the following orders. The Clerk of Court shall electronically notify the Civil Division of the U.S. Attorney's Office for the Southern District of New York that this Order has been issued at the following email address: jeffrey.oestericher@usdoj.gov.

*First*, to preserve the Court's jurisdiction pending a ruling on the Petition, Petitioner shall not be removed from the United States absent further order of this Court. *See, e.g.*, *Khalil v. Joyce*, No. 25-CV-1935 (JMF), 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025) (citing cases); *see also, e.g.*, *Du v. United States Dep't of Homeland Sec.*, No. 25-CV-0644 (OAW), 2025 WL 1317944, at *1 (D. Conn. Apr. 24, 2025) ("[A] a federal court may temporarily enjoin immigration authorities from deporting individuals if it preserves the court's jurisdiction over a case or cases."). **Moreover, in light of Petitioner's interests in participating in further proceedings before this Court and to facilitate resolution of the Petition, Respondents shall not transfer Petitioner except to a facility within this District, the Eastern District of New York, or the District of New Jersey absent further order of this Court.** *See, e.g.*, *Perez y Perez v. Noem*, No. 25-CV-4828 (DEH), 2025 WL 1908284, at *2-3 (S.D.N.Y. June 13, 2025) (enjoining a *habeas* petitioner's transfer pending adjudication of his petition); *see also, e.g.*, *Arostegui-Maldonado v. Baltazar*, No. 25-CV-2205 (WJM) (STV), 2025 WL 2280357, at *14-16 (D. Colo. Aug. 8, 2025) (same); *Oliveros v. Kaiser*, No. 25-CV-7117 (BLF), 2025 WL 2677125, at *8-9, *11 (N.D. Cal. Sept. 18, 2025) (same).

*Second*, within **two business days of the date of this Order**, Respondents shall file a letter with the following information:

   a.  whether Petitioner was, as the Petition alleges, *see* Dkt. 1, ¶ 7, located in the Southern District of New York at the time that the Petition was filed and, if not, what District Petitioner was in at the time of filing and whether the Petition should be immediately transferred to that District, *see, e.g.*, *Öztürk v. Hyde*, 136 F.4th 382, 391-92 (2d Cir. 2025); *Khalil v. Joyce*, 771 F. Supp. 3d 268 (S.D.N.Y. 2025);

   b.  Petitioner's A-number, current place of detention, and a contact person who can facilitate prospective counsel's access to Petitioner;

    c.   the statutory provision(s) under which Respondents assert the authority to detain Petitioner;

    d.   a copy of any final order of removal; and

    e.   any information regarding the procedural posture of any pending Department of Homeland Security or Executive Office for Immigration Review proceedings.

*Third*, unless and until the Court orders otherwise, Respondents shall file an answer to the Petition within **three business days of the date of this Order**; and unless and until the Court orders otherwise, Petitioner shall file any reply within **ten business days of the date of this Order**.

*Fourth*, the Court finds that the appointment of *pro bono* counsel is appropriate in this case. In making this finding, the Court has considered the factors set forth *in Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986), which include: "(1) whether the party's claim has substantial merit; (2) whether the nature of the factual issues requires an investigation, and whether the party's ability to investigate is inhibited; (3) whether the claim's factual issues turn on credibility, which benefits from the skills of those trained in presentation of evidence and cross examination; (4) the party's overall ability to present its case; and (5) whether the legal issues presented are complex." *Garcia v. USICE (Dept. of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011).

The Court finds that the *Hodge* factors weigh in favor of seeking *pro bono* counsel for Petitioner. In particular, the facts of Petitioner's detention present complex legal questions. Moreover, Petitioner's abilities to present his case and conduct any related fact investigation are significantly limited due to his incarceration and the emergency nature of his petition. Thus, in this case, representation would "lead to a quicker and more just result by sharpening the issues[.]" *Hodge*, 802 F.2d at 61.

Accordingly, the Court directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioner in this case. It should be noted that the Court does not have the authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant *pro bono*. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301 (1989). There is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the court will locate another. In either instance, Petitioner should be prepared to proceed with the case *pro se*. If an attorney volunteers, the attorney will contact Petitioner, or his next friend, directly.

If Petitioner has already successfully secured counsel on his own, or otherwise does not wish the Court to seek volunteers for *pro bono* counsel, he should inform the Court as soon as possible.

The Court has established a Pro Bono Fund to encourage greater attorney representation of pro se litigants. See https://nysd.uscourts.gov/forms/pro-bono-fund-order.

For the foregoing reasons, the Court directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioner in this case.

The Clerk of Court is further directed to send by regular mail a copy of this order to the Petitioner's next friend, Roman Kravchina. Petitioner's next friend may receive court documents by email by completing the form, Consent to Electronic Service.[1]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: December 4, 2025
      New York, New York

                                   ARUN SUBRAMANIAN
                                 United States District Judge

---

[1] If Petitioner and/or next friend consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.